(121 App. Div. 544.)

BARON v. LAKOW et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

PARTIES—PLAINTIFFS—UNITY OF INTEREST—PARTNERSHIP—CAUSE OF ACTION.
    Under Code Civ. Proc. § 448, providing that of the parties to an action those who are united in interest must be joined as plaintiffs or defendants, except that, if the consent of any one who ought to be joined as a plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint, where one partner uses firm money to pay his individual debt without the consent of the other partner, the cause of action to recover the money being in the partnership, an action therefor cannot be maintained by the other partner alone, though he joins as defendant the partner so using the money; the complaint or bill of exceptions not alleging, and the record not showing, any reason why the defendant partner was joined as defendant, rather than as plaintiff, or that his consent to act as plaintiff could not be obtained, but the bill of exceptions merely calling him an absconding partner, and the evidence showing that he had always remained in the city, though he ceased to take part in the partnership transactions a month before commencement of the action.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.
Action by Henry Baron against Samuel Lakow and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Julius C. Rosenthal (Charles Goldzier, on the brief), for appellants.
Saul J. Baron (David Gerber, on the brief), for respondent.

HOOKER, J. The complaint was oral, as follows: "For money had and received for use of the plaintiff." The bill of particulars filed by the plaintiff states that the action is brought by the plaintiff, a member of the firm of M. Baron & Co., composed of the plaintiff and the defendant Green, against Green, an absconding partner, and the defendant Lakow, for the return of partnership money wrongfully taken by the defendant Green and delivered to the defendant Lakow, who had no claim against the firm in any amount, and who knew at the time of the receipt of such money that he had no such claim. The plaintiff had judgment for the full amount of the partnership moneys paid to the defendant Lakow by the defendant Green, and the defendants appeal.

It may be admitted, so far as the decision of this case is concerned, as contended by the respondent, that one partner cannot apply the partnership funds to the discharge of his own private debt without the consent of the other partner, and that without such consent the title of the partnership to the property is not divested in favor of the private creditor, whether the latter knows that the property belongs to the partner-

ship or not, and that the right of the partnership depends, not upon whether the creditor knew it was partnership property, but rather upon the fact whether the other partner had assented to such application.   N. Rogers & Sons v. Batchelor, 12 Pet. 221, 9 L. Ed. 1063.   This principle, however, is not decisive of the questions raised on this appeal. Whatever moneys were paid to Lakow were partnership moneys, the title thereto being in the partnership rather than in the plaintiff; and this especially so since there had never been any dissolution of the partnership, accounting, or other closing of the partnership existence. The complaint states that the money was had and received for the use of the plaintiff.   The bill of particulars asserts that the action is for the return to the plaintiff of partnership money.   The cause of action resided in the partnership, and not in one of its members.

The plaintiff, however, seeks to sustain his judgment in view of the fact that he joined his copartner as defendant, and refers to section 448 of the Code of Civil Procedure, which provides:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly prescribed in this act. But if the consent of any one, who ought to be joined as plaintiff, cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint."

The appellants contend that this provision of the Code does not apply to actions in the Municipal Court of the city of New York; but that question is unnecessary to determine, for it is apparent that the plaintiff is not assisted by its provisions.   It is to be observed that no reason is stated in the complaint or in the bill of particulars why the defendant Green, one of the copartners, was joined as defendant, rather than as plaintiff.   Further than this, the section permits joining as a defendant one who ought to be plaintiff only where his consent to act as plaintiff cannot be obtained.   The record of this case not only fails to show that it was impossible to obtain the consent of Green to join as a plaintiff, but also discloses in the cross-examination of the plaintiff himself that no attempt was ever made to obtain Green's consent. Nor is it sufficient that the defendant Green is called in the bill of particulars an absconding partner, for the proof wholly fails to sustain the assertion.   It is true that he ceased to take part in the transaction of the partnership business about a month before the commencement of this action; but he was resident in the borough of Brooklyn at the time the partnership was made in December, 1905, continued such at least until July, 1906, and was still such resident at the time of the trial, and no suggestion or intimation appears in the record that he has ever left the borough of Brooklyn, or even so much as changed his place of residence.   No reason appears why he should be called an absconding partner, and none why his consent to join as a plaintiff should not have at least been sought before the plaintiff undertook to sue in his own name for the recovery of moneys, the title of which was in the partnership.

The judgment must therefore be reversed, and a new trial ordered; costs to abide the event.   All concur.