To the plaintiff's claim based on a promissory note, the named defendant has asserted a defense of infancy, contending that he was born on July 22, 1927; that he executed and delivered the note on May 21, 1947, when he was under the age of twenty-one years; and that all payments on the note up to September 5, 1947, were made at a time when he was under the age of twenty-one. This action was instituted by service completed on October 20, 1948.
The plaintiff's demurrer is predicated on the fact that nowhere in the special defense is it alleged by the defendant that he disaffirmed the contract or note in suit prior to his becoming twenty-one years of age. *Page 367 
The general rule appears to be that in the case of every act of an infant which is merely voidable, he must disaffirm it on coming of full age or he will be bound by it, and this must be done in a reasonable time. It has been said that while much depends upon the promptitude with which acts are performed by way of ratification or disaffirmance after attaining his majority, no period of time generally applicable in all cases has been, or in the nature of things can ever be, definitely fixed. The acts and conduct relied on for disaffirmance and the reasonableness of the time must be determined from the facts and circumstances of each particular case, for what may be a reasonable time and what a disaffirmance under some conditions may be unreasonable and insufficient under other conditions. Hobbs v.Hinton Foundry Co., 74 W. Va. 443; Merchants' Credit Bureau
v. Akiyama, 64 Utah 364; Wilcox v. Roath, 12 Conn. 550;Tyler v. Gallop Estate, 68 Mich. 185; Olson v. Veum,197 Wis. 342.
Since the question as to what is a reasonable time for an infant, after becoming of age, to disaffirm contracts made during his minority is a mixed question of law and fact to be determined from the circumstances of the case, the problem must be submitted for trial scrutiny and should not be disposed of by a summary disposition on demurrer.
Under the named defendant's general and broad plea of infancy he may show disaffirmance of the contract or note before attaining majority or within a reasonable time thereafter. I find that he is under no present duty to allege such disaffirmance as a specific incident of his special defense.
 Accordingly, the plaintiff's demurrer to the special defense is overruled.