J. Irwin Shapiro, J.
This is an action for an injunction to restrain the defendant union and others allied with it from picketing the plaintiffs ’ restaurant variously described as Short Stop Lunch and Short Stop Quick Lunch.
*761 The plaintiffs are three in number. They are George Tsounis, Cleo Tsounis, his wife, and Louis Veoukas. In their complaint they allege: “ Plaintiffs are and at all times hereinafter mentioned, since August 27th, 1959, were partners in the operation of a small frankfurter-hamburger stand located at 27-16 Bridge Plaza South, Long Island City, Queens County, New York, operating the same under the trade name of shortstop luhch.” (Italics supplied.)
In their testimony upon the trial they also contended that all three of them were partners. The court finds as a fact, however, that plaintiff Cleo Tsounis, the wife of the plaintiff George Tsounis, never was and is not now a partner in the business.
A short statement of the facts is necessary for an understanding of the apparent reason for the inclusion of Cleo Tsounis as a partner in Short Stop Lunch and, therefore, her inclusion as a necessary party plaintiff in this action.
The Short Stop Lunch was purchased and a bill of sale therefor delivered on August 27, 1959. It designates the plaintiff George Tsounis and Louis Veoukas as purchasers. On September 14, 1959, a certificate of partnership by George Tsounis and Louis Veoukas, doing business as Short Stop Quick Lunch, was filed in the office of the County Clerk of Queens County, as required by section 440 of the Penal Law. It was signed and acknowledged by plaintiffs George Tsounis and Louis Veoukas on August 27, 1959, the day they acquired the business, and in part recites as follows:
BUSINESS CERTIFICATE FOR PARTNERS
The undersigned do hereby certify that they are conducting or transacting business as members of a partnership under the name or designation of SHORT STOP QUICK LUNCH at 27-16 Bridge Plaza South, Long Island City in the County of Queens, State of New. York, and do further certify that the full names of all the persons conducting or transacting such partnership including the full names of all the partners with the residence address of each such person, and the age of any who may be infants, are as follows:
NAME Specify which are infants RESIDENCE
and state ages
GEORGE TSOUNIS 30-58 32nd Street
Long Island City, N. Y.
LOUIS VEOUKAS 79-15 36th Avenue
Jackson Heights, New York
WE DO FURTHER CERTIFY that we are the successors in interest to NICHOLAS P. DELLES and DESPINA DELLES the person or persons heretofore using such name or names to carry on or conduct or transact business.
(Italics supplied.)
On and prior to August 27, 1959 — -the date of the sale — Short Stop Lunch had at least two full-time employees. One *762 of these employees had been working for Short Stop Lunch for over four years and the other for over a year. It was their contention at the trial and that of the defendant union and all of the other defendants that they were discharged because, among other reasons, they refused to resign from the union.
The plaintiffs deny this and contend that the employees were not kept on by them (I do not use the word “ discharged ” since it was plaintiffs’ contention that the workers never became their employees having been discharged by the prior owner at their request), because the three of them (plaintiffs), considering the amount of work required by the business, were going to do it all by themselves without hiring outside help. They, therefore, contended that since they had no employees, there could be no labor dispute between them and the union, as contemplated by section 876-a of the Civil Practice Act, and that, therefore, they were entitled to an injunction against the picketing being carried on in front of their place of business by the defendant union.
Without determining the verities of the respective positions, since in the conclusion that I have come to, that seems unnecessary, I now come to the nub of the case as I see it.
In Greenberg v. Halpern (23 N. Y. S. 2d 903), the court said: “ While it is settled law in this State that where an owner of a business does the work himself without employees, there can be no controversy concerning terms or conditions of employment, and no labor dispute is involved within the meaning of Section 876-a, C. P. A., as long as the employer continues to operate the business without outside assistance, such is not the case here. In the course of negotiations with the defendant union in respect to the renewal of a labor union contract and a demand for an increase in wages to two employees, the plaintiffs notified the defendant union that ‘ because of business conditions, we are laying off our two soda dispensers * * *.
We will continue business without any employees and will be assisted only by Mr. Q-reenberg’s wife. ’ It seems to me that the wife of one partner, and, a stranger to the partnership, thus tooh the place of at least one of the employees discharged as the result of a labor dispute, and that therefore Section 876-a, C. P. A., is applicable.” (Italics supplied.) The court thereupon granted the defendant union’s motion to dismiss the complaint.
Whether this court would follow the decision in the Greenberg case need not now be determined for there is no contention that Oleo Tsounis is working in the restaurant a,s “ the wife of one *763 partner and a stranger to the partnership.” It is rather her contention, along with that of her two coplaintiffs, that the three of them as partners in the partnership entity, known as Short Stop Lnnch, are jointly entitled to an injunction here.
This court can give them no such relief in view of its finding as a fact that there is no partnership entity composed of the three plaintiffs in this case.
This is not a mere case of misjoinder where there is an unnecessary party plaintiff who has no right to relief, in which event we are abjured by section 192 of the Civil Practice Act, that “No case * * * shall be defeated by the * * * misjoinder of parties ” and that “parties misjoined may be dropped by order of the court at any stage of the cause as justice may require.” Nor is this a case where relief can be given to the plaintiffs under section 105 of the Civil Practice Act upon the theory that it is “a mistake * * * irregularity or defect ’ ’ which ‘ ‘ may be corrected * # # or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded.” As this case now stands, the three plaintiffs insist that they jointly compose the partnership entity, and that they jointly are entitled to equitable relief. Thus they insist that there is no “ misjoinder ” to be remedied nor any mistake, omission, defect or irregularity to be corrected.
Under the circumstances, this court should not, on its own motion, conform the complaint to what it finds from the proof to be the facts in direct opposition to the position taken and insisted upon by the plaintiffs in their complaint and their proofs at the trial. They insist that there is no partnership entity composed solely of the plaintiffs George Tsounis and Louis Veoukas.
Since a partnership cause of action belongs to the partners jointly and not to them in their individual capacity (Ruzicka v. Rager, 305 N. Y. 191, 197; Kirschbaum v. Merchants Bank of N. Y., 272 App. Div. 336; Baron v. Lakow, 121 App. Div. 544), I do not feel that I would be warranted in granting an injunction to an entity which the plaintiffs insist is nonexistent. If their fear of the Greenberg case (supra) has caused them to be hoist on their petard, this court cannot extricate them from their self-inflicted dilemma.
Accordingly, without reaching the merits of this controversy, the complaint is dismissed, without prejudice and, without costs.
Submit judgment.