■ WILLIAM A. STEVENS, Appellant, v ST. JOSEPH'S HOSPITAL, Respondent.—Order and judgment unanimously affirmed, with costs. Memorandum: Plaintiff doctor appeals from a judgment of Supreme Court which dismissed his complaint in an action for an accounting. We agree with the trial court that plaintiff's first cause of action must be dismissed since it was based upon a 1963 contract between defendant hospital and three doctors, including plaintiff individually, as copartners. Plaintiff, as an individual, cannot assert that he has been entitled to one third of the defendant's monthly payments under the contract, free of any partnership commitments. A partnership cause of action belongs to the partners jointly, and a member of the partnership may not recover on a partnership obligation by his individual suit *(Ruzicka v Rager*, 305 NY 191, 197; *Kirschbaum v Merchants Bank of N. Y.*, 272 App Div 336; *Baron v Lakow*, 121 App Div 544). Plaintiff's second (and final) cause of action, based on a 1964 contract between the hospital and himself, was also properly dismissed. Plaintiff has failed to establish that he is entitled to an accounting. The basis for an equitable action for accounting is the existence of a fiduciary or trust

relationship respecting the subject matter of the controversy *(Pelkey v Pelkey,* 236 App Div 55). The existence of a bare agency is not sufficient *(Marvin v Brooks,* 94 NY 71, 80). The right to maintain an action for an accounting against an agent depends upon whether or not the agent has acted as and breached his duty as a fiduciary *(Silber v Rainess & Co.,* 34 AD2d 188, 191). The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant is bound to reveal his dealings *(Schantz v Oakman,* 163 NY 148; *Marvin v Brooks, supra;* 1 NY Jur, Accounts and Accounting, § 20, p 164). The hospital was not the fiduciary agent of the doctor, since the 1964 contract provided that the doctor's compensation be based upon gross billings. The hospital's collections did not affect the doctor's compensation. No money or property was entrusted in the hands of the hospital as agent for the doctor. No joint venture was established. The doctor did not agree to participate with the hospital in losses but rather simply shared a percentage of the gross billings. Further, plaintiff's assertion that the contract expressly provided that the hospital account to him is without merit. The contract did not provide that the hospital furnish the doctor with a copy of all the monthly transactions, but only required that the doctor receive a month-end status report of fees for radiological services. The hospital met its obligation by rendering monthly summaries (see *Zamax Mfg. Co. v Grossman,* 102 NYS2d 833). Finally, we are convinced that plaintiff's failure adequately to protest the accuracy of the accounts, his acceptance of the monthly payments and adjustments thereto, his failure to reveal information in his possession during discussions concerning the monthly accounts, and his ratification of his 1966 agreement with the hospital without seeking clarification of the definition of the term "ward" patients, justify the trial court's conclusion that an account was stated. We are persuaded that the hospital's construction of what constituted a "ward" patient was correct and hence that there exists no basis to impeach the account stated for fraud, mistake or other equitable considerations. (Appeal from order and judgment of Onondaga Supreme Court in action on contract.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.