■ CARL W. HARTZLER, Respondent-Appellant, v SHRUG PRODUCTIONS UNLIMITED, INC., et al., Appellants-Respondents. —In an action for accountings, to recover damages for conversion of shares of stock, to recover the value of certain goods and services provided to the defendants, and to recover damages for breach of an oral contract, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered October 19, 1984, as (a) denied that branch of their motion which was for partial summary judgment dismissing that part of the plaintiff's second cause of action which was to recover damages for conversion, and (b) granted that branch of the plaintiff's cross motion which sought partial summary judgment on his third cause of action; (2) the plaintiff cross-ap-

peals from so much of the same order as granted those branches of the defendants' motion which were for partial summary judgment dismissing the plaintiff's first cause of action which sought an accounting, and that part of the plaintiff's second cause of action which sought an accounting, and (3) the defendants appeal, as limited by their brief, from so much of an order of the same court, entered April 3, 1985, as (a) denied their motion for reargument of that branch of their prior motion which was for partial summary judgment dismissing that part of the plaintiff's second cause of action which sought damages for conversion, and (b) denied that branch of a second motion for summary judgment which sought partial summary judgment dismissing the plaintiff's fourth cause of action to recover damages for breach of an oral contract, as asserted in the plaintiff's amended complaint.

Appeal from so much of the order entered April 3, 1985 as denied reargument dismissed. No appeal lies from an order denying reargument.

Order entered October 19, 1984 modified, on the law, by deleting the provision thereof which granted those branches of the defendants' motion which sought partial summary judgment dismissing the plaintiff's first cause of action and that part of the plaintiff's second cause of action which sought an accounting, and substituting a provision therefor denying those branches of the defendants' motion. As so modified, order entered October 19, 1984 affirmed, insofar as appealed from.

So much of the order dated April 3, 1985 as denied that branch of the defendants' second motion which sought partial summary judgment dismissing the plaintiff's fourth cause of action affirmed.

No costs or disbursements are awarded.

At issue in this case is whether the plaintiff was an employee of the defendant Shrug Productions Unlimited, Inc. or a one-third shareholder in the defendant corporation in which the individual defendants were the only other shareholders. The plaintiff claims that an oral agreement existed between himself and the defendants McCormick and Rudy whereby he paid for his one-third share of the corporate stock with deferred salary and contributions of other property. The plaintiff also contributed goods and services apart from the alleged agreement during his association with the defendants. When the plaintiff disassociated himself from the defendants, he demanded the value of his one-third share of the corporate

stock and brought this action when the defendants denied him same. The defendants moved for partial summary judgment on the plaintiff's first, second and fourth causes of action and the plaintiff cross-moved for partial summary judgment on his third cause of action.

Special Term improperly granted those branches of the defendants' motion which sought partial summary judgment dismissing the plaintiff's first cause of action which sought an accounting and so much of his second cause of action as sought an accounting. "The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant is bound to reveal his dealings" *(Stevens v St. Joseph's Hosp.,* 52 AD2d 722, 723). In this case, the plaintiff showed, to a sufficient degree, that a fiduciary relationship existed which was enough to defeat the defendants' motion.

Special Term properly awarded the plaintiff partial summary judgment on his third cause of action to recover the value of certain goods and services provided to the defendants, as that cause of action sought the return of the value of the plaintiff's undisputed contributions of services and property, independent of the plaintiff's deferred wages.

Special Term properly denied the branch of the defendants' motion for partial summary judgment dismissing the plaintiff's conversion and breach of contract claims. The conversion claim hinges on whether the plaintiff was entitled to possession of the corporate stock which the defendants withheld *(see, Johnson v Blaney,* 198 NY 312, *rearg denied* 198 NY 628). Since the existence of an enforceable agreement ultimately hinges on the intent of the parties, which in this case is sharply contested, and since performance by the plaintiff was possible within one year from the time of the making of the purported oral agreement *(see, Pace v Perk,* 81 AD2d 444), triable issues of fact exist and partial summary judgment was properly denied. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.