[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Economic Development Associates, a general partnership, is the owner and developer of residential condominiums located on Franklin Drive in Torrington, Connecticut and known as Riverside Commons. In order to finance the construction of Riverside Commons the plaintiff executed a mortgage note and construction mortgage deed in favor of the defendant Cititrust for a total principal amount of $1,200,000. Pursuant to the terms of this agreement, Cititrust was to advance the principal sum to the plaintiff in installments in accordance with a construction schedule prepared by the defendant. The time and amount of each installment was to be at the sole discretion of the defendant Cititrust.
On or after September 27, 1988 the defendant advanced certain funds to the plaintiff and development and construction of Riverside Commons commenced. On or about May 26, 1989 the defendant Cititrust gave notice to the plaintiff Economic Development Associates that the installments were to be discontinued. The gravamen of the plaintiffs' multi-count complaint is that the actions of the defendant Cititrust constitute a breach of the loan agreement. The first count alleges that the acts of the defendant caused the plaintiffs to suffer monetary loss and economic hardship. The second count alleges a breach of an implied covenant of good faith and fair dealing. The third count alleges a breach of a fiduciary duty in the lender borrower relationship. The fourth count sounds in CUTPA. Lastly, the fifth through tenth counts alternatively concern claims for recovery by the individual partners and CUTPA claims by those individuals.
The defendant moves to strike numerous counts of the complaint on widely varied grounds. The defendant first moves to strike paragraphs nineteen and twenty of the first count and paragraphs twenty and twenty-one of the second count which allege damage to the partnership's reputation and credit rating. However, these counts also allege economic hardship and monetary loss based on the defendant's alleged breach of the loan agreement. If a count of a complaint purports to set out more than one cause of action, a motion to strike addressed to the entire count fails if it does not reach all of the causes of action pleaded. Wachtel v. Rosol, 159 Conn. 496, 499 (1970). Since the claim of monetary loss based on a breach of contract would still be viable if the aforementioned paragraphs were stricken, the defendant attempt to strike these paragraphs must fail. See Id. at 499. Moreover, a motion to strike directed at particular paragraphs of a complaint is improper. Northrup v. Town of Clinton, 14 Conn. Sup. 28, 31 (1946).
The defendant seeks to strike the second count of the complaint on the grounds that there does not exist a tort claim for breach of an implied covenant of good faith and fair dealing. An implied covenant of good faith and fair dealing arising out of a contractual relationship CT Page 4149 has been explicitly recognized in Connecticut. Magnum v. Anaconda Industries, 193 Conn. 558, 566 (1984). A breach of an implied contractual covenant of good faith and fair dealing gives rise to a distinct tort claim. Grand Sheet Metal Products Co. v. Protection Mutual Ins. Co.,34 Conn. Sup. 46, 51 (1977). In a case of first impression, a Connecticut court has allowed a claim for breach of an implied covenant of good faith and fair dealing in the context of a lender-borrower relationship. Sorvillo v. Strother, 2 CSCR 1095 (October 1, 1987, Leuba, J.).
The defendant next moves to strike the plaintiff's claim for punitive damages relating to counts two and three. A breach of contract founded on tortious conduct may allow an award of punitive damages. L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48
(1986). Such tortious conduct, however, must be alleged in terms of wanton and malicious injury and evil motive or in terms of a reckless indifference for the rights of others. Id. at 48; Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 128 (1966). Since the plaintiff has failed to allege his claim for punitive damages in these terms, the prayer for relief seeking such damages is stricken as to counts two and three.
The defendant also moves to strike the third count of the complaint on the grounds that the plaintiff has failed to allege a breach of a fiduciary duty. The Connecticut Supreme Court has "specifically refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations." Alaimo v. Royer, 188 Conn. 36,41 (1982). Such a relationship appears to be a question of fact reserved for the trier of fact. See Id. at 41. Therefore, it is inappropriate to decide such an issue on a motion to strike. Flanagan v. Valente, 31 Conn. Sup. 143, 145 (1974); Sargent Co. Employees Federal Credit Union v. McElveen, 16 Conn. Sup. 366, 367 (1949).
The defendant seeks to strike counts four, five, seven and nine on the grounds that CUTPA, Connecticut General Statutes 42-110 et seq., does not apply to banks. The standards developed by the Federal Trade Commission Act are looked to by our courts in an effort to determine what constitutes a cognisable unfair or deceptive practice under CUTPA. Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 179 (1986). CUTPA is not applicable where the activity is not among the types of transactions to which the Federal Trade Commission Act has been applied. Connelly v. Housing Authority, 213 Conn. at 354, 363 (1990). Banks are exempt from CUTPA due to an express exemption from coverage under the Federal Trade Commission Act. 15 U.S.C. § 45 (a)(2); Bristol Savings Bank v. Sattler, 4 CSCR 351, (March 29, 1989, Aronson, J.). Therefore, counts four, five, seven and nine which sound in CUTPA are stricken.
The defendant also moves to strike counts five through ten on the grounds that the individual partners may not sue on an obligation due the partnership. A partnership case of action belongs to the partners jointly, and a member of a partnership may not recover on a CT Page 4150 partnership obligation by his individual suit. Stevens v. St. Joseph's Hospital, 381 N.Y.S. 2d 927, [381 N.Y.S.2d 927], 928 (1976); D'Ippolito v. Cities Service Co., 374 F.2d 643, 647 (1967). Therefore, it is proper to strike counts five through ten of the complaint.
Lastly, the defendant seeks to strike the entire complaint for failure to join Carmine Ioanna as a necessary party in this action. The determination as to whether Carmine Ioanna is a necessary party in this particular action requires the consideration of facts outside the pleadings. Since such information cannot be considered on a motion to strike, the defendant's argument on this point must fail. Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718, 719 (1982).
Accordingly, the motion to strike is granted as to the request for punitive damages on count two and three, granted as to counts four and five through ten; the motion is denied as to all other counts.
DRANGINIS, J.