[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 11, 1991 the plaintiff, Connecticut National Bank filed a four count amended complaint against defendants John W. Anderson and James M. Carroll. The first two counts allege a failure by each defendant to repay a promissory note. The third and fourth counts allege unjust enrichment as to each defendant.
On March 22, 1991, the defendants answered the amended complaint and filed five special defenses. The first special defense asserts that the promissory note was procured by fraud. The second special defense alleges that the plaintiff is not a holder in due course. The third special defense asserts a breach of the plaintiff's duty of inquiry into the financial ability of the defendants to perform. The fourth special defense alleges a breach of the plaintiff's duty of good faith and fair dealing. The fifth special defense asserts that the plaintiff paid the sums in the promissory note to a third party without authorization.
The defendants also filed a four count counterclaim which was revised on May 13, 1991. The first count sounds in fraud and misrepresentation by the plaintiff in procuring the promissory note. The second count sounds in breach of a fiduciary duty by the plaintiff to the defendants. The third count sounds in negligence. The fourth count alleges a Connecticut Unfair Trade Practices Act (hereinafter "CUTPA") violation by the plaintiff. The defendants claim money damages and costs, and recision of the promissory notes.
On May 20, 1991, the plaintiff moved to strike the defendant's third, fourth and fifth special defenses. The plaintiff also moved to strike the second, third, and fourth counts of the defendants' amended counterclaim. The plaintiff asserts that these defenses and counts are legally insufficient, and submitted a memorandum of law in support of its motion.
A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike can be used whenever a party wishes to contest "the legal sufficiency of the allegations of any . . . counterclaim . . . or . . . any special defense. . . ." Practice Book 152. In ruling on a motion to strike, the court construes the facts alleged in the complaint in a manner most favorable to the nonmovant. Rowe v. Godou, 209 Conn. 273,550 A.2d 1073 (1988). CT Page 9066
I. THIRD SPECIAL DEFENSE
The third special defense asserts a breach of the plaintiff's duty of inquiry into the ability of the defendants to repay the loan. The plaintiff moves to strike this special defense for legal insufficiency in that there is no such duty of inquiry by a lender. The defendants concede in their memorandum of law that there is no such duty imposed by Connecticut law.
Nevertheless, the defendants argue in opposition to the motion to strike that a lender may be negligent "where the lender actively participates in the financed enterprise beyond the domain of the usual money lender." The defendants, however, cite no authority in support of this proposition. "Bare assertions without citation to legal authority constitute abandonment of the issue. State v. Chauvin, 8 Conn. App. 307,311, 512 A.2d 969 (1986)." Dorsey v. Mancuso, 23 Conn. App. 629,633, 583 A.2d 646 (1990).
The court grants the motion to strike the third special defense as legally insufficient in that both parties concede that there is no duty under Connecticut law for a lender to investigate a borrower's financial status.
II. Fourth Special Defense
The plaintiff moves to strike the fourth special defense for legal insufficiency. The fourth special defense asserts a breach of the duty of good faith and fair dealing in accepting the promissory note.
"As between the original parties, however, a promissory note is nothing more than a written contract for the payment of money." Appliances, Inc. v. Yost, 181 Conn. 207, 210, 435 A.2d 1 (1980). The plaintiff argues that the covenant of good faith and fair dealing arises at the time the contract [promissory note] is made, and the fourth special defense "refers to activities prior to the creation of the contract." The defendants assert that the duty of good faith and fair dealing can be implied in the negotiation and bargaining phases of a contract.
The Uniform Commercial Code, General Statutes 42-110 et seq., applies to transactions involving promissory notes. General Statutes42a-1-201 (19). "Under the UCC definition, `good faith' is a subjective standard. It involves a determination of the intent or state of mind of the party concerned, taking into account the actual knowledge of the person as well as his or her motives." Phillipe v. Thomas, 3 Conn. App. 174,175, 489 A.2d 1056 (1985). CT Page 9067
Since Conn. Gen. Stat. 42a-1-201 (19) defines "good faith" in the context of "conduct or transaction," and does not limit "good faith" to performance of a contract, the fourth special defense is legally sufficient and the court therefore denies this motion to strike.
III. FIFTH SPECIAL DEFENSE
"No facts may be proved under either a general or special denial except as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause or action, must be specially alleged." Practice Book 164.
The plaintiff also moves to strike the fifth special defense for legal insufficiency. The fifth special defense asserts that the defendants never received the money mentioned in the promissory notes as the plaintiff paid the sums to a third party without authorization. This special defense responds to the plaintiff's claim that the defendants were unjustly enriched. The fifth special defense is legally sufficient as it pleads facts consistent with the complaint but shows that the plaintiff has no claim. Therefore the court denies this motion to strike.
IV. MOTION TO STRIKE COUNTS OF COUNTERCLAIM SECOND COUNT
The plaintiff moves to strike the second count of the defendants' amended counterclaim for legal insufficiency. The second count alleges the breach of a fiduciary duty by the plaintiff.
The plaintiff argues that there is no authority for the proposition that a bank enters into a fiduciary relationship with a debtor by virtue of issuing a promissory note. The plaintiff further argues that even if there could be such a fiduciary relationship, the defendants have not sufficiently pleaded its existence. The defendants claim in turn that they have sufficiently pleaded a legally cognizable claim for breach of a fiduciary relationship.
A fiduciary relationship arises out of situations "in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." Alaimo v. Royer, 188 Conn. 36, 41, 448 A.2d 207
(1982). (citation omitted). The Connecticut supreme court has "specifically refused to define a fiduciary relationship in precise detail and in such manner as to exclude new situations." (citation omitted) Such a relationship appears to be a question of fact reserved for the trier of fact. See Id. Therefore, it is inappropriate to decide CT Page 9068 such an issue on a motion to strike. Flanagan v. Valente, 31 Conn. Sup. 143,145 (1974); Sargent Co. Employees Federal Credit Union v. McElveen, 16 Conn. Sup. 366, 367 (1949). Economic Development Associates v. Cititrust, 6 CSCR 400 (March 27, 1991, Dranginis, J.). Whether a fiduciary relationship exists between the plaintiff and the defendants is an issue of fact which is inappropriate on a motion to strike. Therefore the court denies the motion to strike the second count of the amended counterclaim.
V. THIRD COUNT
The plaintiff also moves to strike the third count of the defendants' amended counterclaim. The third count alleges that "the plaintiff made the above mentioned loans to the defendants even though it knew or should have known that the defendants were not financially able to meet the terms of said loans." The third count alleges the same theory of "negligent lending" as the third special defense, and that the previous discussion regarding the third special defense is dispositive. Therefore, the third count is legally insufficient and the court grants this motion to strike.
VI. FOURTH COUNT
The plaintiff moves to strike the fourth count which alleges a violation of CUTPA by the plaintiff. The plaintiff argues that banks are not subject to CUTPA, and even if they were, the defendants have failed to allege facts satisfying the requirements for a CUTPA violation. The defendants assert that although there is a split of authority in the Connecticut courts, the dominant view is that CUTPA does apply to banks. Furthermore, the defendants assert that they have sufficiently alleged a viable CUTPA claim.
General Statutes 42-110b (a) of CUTPA provides in pertinent part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. 42-110b(a). The fourth count alleges the following:
1. Paragraphs 1-17 of the first count are hereby incorporated by reference into this fourth count as paragraphs 1-17.
18. The plaintiff, Connecticut National Bank violated the Connecticut Unfair Trade Practices Act, Connecticut General Statutes Section 42-110 et seq. in one or more of the following ways:
 (a) in that it accepted the promissory notes executed by The defendants without adequately verifying whether the defendants were financially able to meet the terms of said notes.
CT Page 9069
 (b) in that they disbursed the proceeds of said loans to a third party without authorization from the defendants.
 (c) in that they induced said loans to be made knowing that the defendants were not financially able to meet the terms of said notes.
 19. As a result of the above mentioned conduct of the plaintiff, the defendants have sustained economic hardship, monetary loss and severe mental and emotional distress.
 There is a conflict of authority as to whether CUTPA applies to banks. Economic Development Associates v. Cititrust, 6 CSCR 400, 401
(April 22, 1991, Dranginis, J.). CUTPA applies when a bank is engaged in consumer-oriented activities. Id. See also Bristol Savings v. Szydlowski, 3 CTLR 146 (January 7, 1991, O'Connor, J.); Ebersol McCormick v. Torrington Savings Bank, 4 CSCR 499, 500 (May 26, 1989, Pickett, J.).
 But see Bristol Savings Bank v. Sattler, 4 CSCR 351 (March 29, 1989, Aronson, J.), aff'd on other grounds, 205 Conn. 319 (1987). But see (cases holding CUTPA applicable to banks). For a detailed discussion of whether CUTPA applies to banks, see Economic Development Associates v. Cititrust, 6 CSCR 400 (April 22, 1991).
 "A violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." Web Press Services Corporation v. New London Motorist Inc., 203 Conn. 342, 355, 525 A.2d 57 (1987).
 In determining whether the practice in question violates CUTPA, courts employ the following criteria: whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers. . . . (citations omitted).
Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12,572 A.2d 307 (1990). All three criteria "do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 242, 520 A.2d 1008 (1987).
The court denies the plaintiff's motion to strike the fourth count of the amended counterclaim since the assertions in the fourth count sufficiently allege a violation of CUTPA by the plaintiff.
For the reasons stated the Court orders the following: CT Page 9070
(1) The motion to strike the third special defense is granted.
(2) The motion to strike the fourth special defense is denied.
(3) The motion to strike the fifth special defense is denied.
(4) The motion to strike the second count of the amended counterclaim is denied.
(5) The motion to strike the third count of the amended counterclaim is granted.
(6) The motion to strike the fourth count of the amended counterclaim is denied.
PICKETT, Judge.