[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#226)
On May 4, 1995, the plaintiffs, James Lindsay and Josephine Webb, filed a three-count complaint against the City of Bridgeport, the Board of Education, the principal of the James Curiale School, the superintendent of schools, the director of school facilities, and a school custodian. The complaint alleges the following facts. While walking across the concrete field used by seventh and eight graders to enter the James Curiale School, James Lindsay slipped and fell on snow and ice which had accumulated in the area. Lindsay suffered, among other things, a broken leg and Josephine Webb, his legal guardian, incurred medical expenses. The plaintiffs' injuries were allegedly caused by the defendants' negligent failure to clear the area, salt or sand the area and post warnings of the dangerous conditions. Finally, the plaintiffs allege that each of the individual defendants was employed by the City of Bridgeport and/or the Bridgeport Board of Education.
On May 25, 1995, the defendants filed an answer with a special defense. The special defense alleges that pursuant to the doctrine of governmental immunity, the defendants' cannot be held liable for the plaintiffs' injuries. On June 9, 1995, the plaintiffs filed a motion to strike the special defense and pursuant to Practice Book § 155 filed a memorandum of law in support of the motion. The defendants failed to submit a memorandum of law in opposition to the motion.[1]
A motion to strike is properly used to contest "the legal sufficiency of any answer to any complaint, counterclaim, or cross-complaint, or any part of that answer including any special defenses contained therein. . . ." Practice Book § 152(5); seeMingachos v. CBS, Inc., 196 Conn. 91, 109-10, 491 A.2d 368 (1985). The motion to strike is the correct procedure to challenge the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 176 (1978). Furthermore, "[i]n ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." Novametrix v. Medical Systems Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 75 (1992), because the court "cannot be aided by the assumption of any facts not therein alleged."Liljedahl Brothers Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). Finally, it is inappropriate to decide a question of fact on a motion to strike. Connecticut National Bank v. Anderson,
Superior Court, judicial district of Litchfield at Litchfield (6 CSCR 943, 944) (October 1, 1991, Pickett, J.).
The plaintiffs argue that the special defense of governmental immunity is legally insufficient because the Connecticut Supreme CT Page 718 Court has held that the foreseeable victim exception to the governmental immunity doctrine applies to students allegedly injured because of a school's improper handling of icy conditions. The defendants contended, at oral argument, that the existence of this exception does not render their special defense legally insufficient.
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts. For example, a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . .
Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted; internal quotation marks omitted.) Heigl v. Board of Education, 218 Conn. 1, 4-5,587 A.2d 423 (1991).
Thus, a municipality and municipal employees are immune from liability for the performance of governmental acts unless one of three narrowly tailored exceptions applies. Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989). The exception pertinent to this case exists "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Id.
The plaintiffs base their argument on the Connecticut Supreme Court's holding in Burns v. Board of Education, 228 Conn. 640,638 A.2d 1 (1994). In Burns, "David [Burns], a student at West Hill High School in Stamford, was walking across the courtyard en route to his guidance counselor's office when he slipped and fell on a sheet of ice, fracturing his left elbow. The courtyard is the main access between the two buildings that comprise the high school. The area was not sanded or salted and no warnings had been issued to the students as to its condition." Id., 642. The plaintiffs, David Burns and his mother, brought an action against the superintendent of schools, the Stamford board of education and the City of Stamford. Id. The superior court granted summary judgment on all counts sounding in negligence on the grounds of governmental immunity, and the appellate court affirmed. Id. CT Page 719
The Connecticut Supreme Court granted certification and examined the exception to governmental immunity which permits "a tort action in circumstances of perceptible imminent harm to an identifiable person [or class of persons]." Id., 646. The court's analysis consisted of two steps. First, the court determined that school children, who are statutorily required to be at school, are an identifiable class of foreseeable victims. Id., 649. The court held that "[a]t least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." Id.
Second, the court determined that the plaintiff school child was subjected to a perceptible imminent harm. Id., 650. The court held that "this accident could not have occurred at any time in the future; rather the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential harm from a fall on ice was significant and foreseeable." Id.
The court in Burns concluded that "[u]nder these circumstances . . . the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." Id.
The court concludes that the plaintiffs motion to strike should be denied for two reasons. First, the plaintiff's fail to allege that Lindsay was statutorily compelled to be at school. Moreover, the plaintiffs do not allege Lindsay's age.[2] The court in Burns described the class of foreseeable victims as those school children who are statutorily compelled to attend school. Therefore, because it would be necessary to look beyond the pleadings to determine whether the plaintiff was in this class of foreseeable victims the motion to strike is denied.
LAWRENCE L. HAUSER, JUDGE