◼ ADVANCED CONSERVATION SYSTEMS, INC., Respondent, v ELISSA AND SCOTT REALTY CORP., Appellant, et al., Defendants, and B.B. CONSTRUCTION CONSULTANTS, Respondent. [702 NYS2d 367] —In an action to foreclose a mechanic's lien, the defendant Elissa and Scott Realty Corp. appeals from (1) a decision of the Supreme Court, Nassau County (Palmieri, J.), dated March 10, 1998, and (2) stated portions of a judgment of the same court, dated June 1, 1998, which, after a nonjury trial, *inter alia,* (a) is in favor of the plaintiff and against it in the principal sum of $25,181, and (b), upon the cross claim of the defendant B.B. Construction Consultants, is in favor of that defendant and against it in the principal sum of $26,240.

Ordered that the appeal from the decision is dismissed,

without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the second and fourth decretal paragraphs thereof which are in favor of the defendant B.B. Construction Consultants and against the appellant in the principal sum of $26,240, and substituting therefor a decretal paragraph dismissing the cross claim of that defendant; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court's determinations that the defendant Elissa and Scott Realty Corp. (hereinafter ESRC) improperly terminated the services of the plaintiff Advanced Conservation Systems, Inc. (hereinafter Advanced), a plumbing contractor, and that Advanced sustained damages of in the sum of $25,181 as a result of the breach of contract, are supported by a fair interpretation of the evidence (*see, Epos Contr. Corp. v Summit Renovation Corp.,* 250 AD2d 642). ESRC failed to sustain its burden of proving that Advanced wilfully exaggerated its lien (*see,* Lien Law § 39; *Goodman v Del-Sa-Co Foods,* 15 NY2d 191, 194).

In a cross claim, the defendant B.B. Construction Consultants (hereinafter B.B.) alleged that ESRC improperly terminated a contract to provide construction management services. However, the only testimony concerning a contract between B.B. and ESRC was the conclusory statement of B.B.'s principal. That testimony was contradicted by a letter of the principal dated after the purported oral agreement, which was intended to confirm the parties' understanding, and failed to mention that B.B. was to perform construction management duties. Moreover, the testimony of the architect also implicitly contradicted B.B.'s assertion. Therefore, the Supreme Court's conclusion that B.B. contracted with ESRC to perform construction manager services could not have been reached on any fair interpretation of the evidence (*see, BGW Dev. Corp. v Mount Kisco Lodge No. 1552,* 247 AD2d 565; *Stevens v St. Joseph's Hosp.,* 52 AD2d 722), and B.B.'s cross claim must be dismissed. Since B.B. bore the burden of proving that it was a contracting party, ESCR did not need to raise the issue as an affirmative defense (*see,* CPLR 3018 [b]).

B.B. is not entitled to quantum meruit damages because it failed to seek this relief at trial and did not prove the value of its services (*cf., Lehrer McGovern Bovis v New York Yankees,* 207 AD2d 256).

The appellant's remaining contentions are without merit. Ritter, J. P., Altman, Schmidt and Smith, JJ., concur.