■ Kenneth Vaughan, Appellant, v Standard General L.P. et al., Respondents. [63 NYS3d 44]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered August 30, 2016, which granted defendants' motion to dismiss the complaint without leave to amend, unanimously affirmed, with costs.

Plaintiff, formerly a shareholder of nonparty American Apparel, Inc., alleges that defendants, together the largest creditor of American Apparel at the time of its bankruptcy in October 2015, exercised de facto control over the corporation, which they used to prevent it from accepting an advantageous acquisition offer, to the detriment of equity holders. Defendants recovered in full on their claims in bankruptcy. The motion court correctly dismissed the complaint for lack of standing and failure to state a cause of action.

Plaintiff's claims are based on the board of directors' alleged failure to pursue in good faith an acquisition offer. Because the alleged injury—a lost opportunity to realize a premium on the share price—affects all shareholders, not only plaintiff and the putative class, these claims are derivative, rather than direct (*see Feldman v Cutaia*, 951 A2d 727, 732 [Del 2008]; *see also In re Paxson Communication Corp. Shareholders Litig.*, 2001 WL 812028, *6, 2001 Del Ch LEXIS 95, *20-21 [July 12, 2001, No. CIV A 17568]; *Thermopylae Capital Partners, L.P. v Simbol, Inc.*, 2016 WL 368170, *10, 2016 Del Ch LEXIS 15, *31 [Jan. 29, 2016, CA No. 10619-VCG]). Plaintiff's claims are also derivative insofar as they are based on allegations that defendants controlled the board and permitted the corporation to assume approximately $77 million in debt, which defendants later recovered in the bankruptcy proceeding (*see Agostino v Hicks*, 845 A2d 1110 [Del Ch 2004]; *see also Caspian Select Credit Master Fund Ltd. v Gohl*, 2015 WL 5718592, *3, 2015 Del Ch LEXIS 246, *9 [Sept. 28, 2015, CA No. 10244-VCN]).

Plaintiff cannot maintain these derivative claims for three reasons. First, the claims were released in the bankruptcy plan, which was confirmed by the bankruptcy court and has preclusive effect here (*see Agostino v Hicks*, 845 A2d at 1126-1127). Second, plaintiff does not allege either that he made a demand on the board to pursue the claims or that demand was futile (*see id.* at 1116-1117; Del Ch Ct Rules rule 23.1). Third, plaintiff does not dispute that he is no longer a shareholder (*see Feldman v Cutaia*, 951 A2d at 731).

The complaint fails to state a cause of action for breach of fiduciary duty, because the allegations do not demonstrate that defendants, which did not own or beneficially control a majority interest in the corporation, exercised actual control over the

corporation's business affairs (*see Kahn v Lynch Communication Sys., Inc.*, 638 A2d 1110, 1113-1114 [Del 1994]; *see also In re PNB Holding Co. Shareholders Litig.*, 2006 WL 2403999, \*9, 2006 Del Ch LEXIS 158, \*30 [Aug. 18, 2006, No. Civ A 28-N]). While plaintiff sufficiently alleged that two of the nine directors were interested, he failed to show a lack of independence on the part of a majority of the directors (*see Odyssey Partners, L.P. v Fleming Cos., Inc.*, 735 A2d 386, 407 [Del Ch 1999]).

The complaint fails to state a cause of action for unjust enrichment, because the allegations do not demonstrate that defendants' recovery in the bankruptcy was without justification (*see Nemec v Shrader*, 991 A2d 1120, 1130 [Del 2010]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.