**Ji Jiang Zheng v Daotong LLC**

2024 NY Slip Op 30512(U)

February 15, 2024

Supreme Court, Kings County

Docket Number: Index No. 531388/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------------x
JI JIANG ZHENG, individually and as a
member of Daotong LLC,

                  Plaintiff,       Decision and order

        - against -           Index No. 531388/2023

DAOTONG LLC, 201 LIBERTY LLC, SHUNHE
MANAGEMENT LLC, XIANG YU CAO, ABC
COMPANY #1-20, JOHN DOE #1-20,

                Defendants,    February 15, 2024
------------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN        Motion Seq. #1

      The defendants have moved pursuant to CPLR §3211 seeking to

dismiss various portions of the complaint for the failure to

allege any causes of action. The plaintiff opposes the motion.

Papers were submitted by the parties and arguments were held.

After reviewing all the arguments this court now makes the

following determination.

      According to the verified complaint the plaintiff is a 34%

owner of defendant Daotong LLC and is managed by defendant Xiang

Yu Cao. Daotong LLC is a fifty percent owner of defendant 201

Liberty LLC. The verified complaint alleges that on October 20,

2016, 201 Liberty LLC purchased property located at 201 46th

Street in Kings County. On October 14, 2021, 201 Liberty LLC

sold the property to defendant Shunhe Management LLC for twenty-

three million dollars. The verified complaint alleges that none

of the proceeds of the sale or of any income earned by 201

Liberty LLC was ever transferred to Daotong LLC or to the

plaintiff. The complaint asserts a derivative and direct cause

of action for the breach of fiduciary duty by Cao, a derivative cause of action for breach of contract by Cao, aiding and abetting a breach of a fiduciary duty by Shunhe LLC and an individual cause of action for an accounting of both Daotong LLC and 201 Liberty LLC. The defendants have moved seeking to dismiss portions of the complaint on the grounds the complaint impermissibly mixes direct and derivative claims and in any event fails to allege causes of action. As noted the plaintiff opposes the motion.

### Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

2

In order to assert any derivative claims the person must be a shareholder of the corporation (Marx v. Akers, 88 NY2d 189, 644 NYS2d 121 [1996]). Of course, a shareholder cannot assert derivative claims when the individual merely maintains individual claims not shared by all the shareholders. Further, the same lawsuit may contain both derivative and direct claims. In Serino v. Lipper, 123 AD3d 34, 994 NYS2d 64 [1st Dept., 2014] the court explained that to distinguish a derivative claim from an individual claim the court must engage in two inquiries. First, whether any harm was suffered by the corporation or an individual stockholder and whether the corporation or the individual stockholder would receive the benefit of any recovery. As the court stated "if there is any harm caused to the individual, as opposed to the corporation, then the individual may proceed with a direct action…On the other hand, even where an individual harm is claimed, if it is confused with or embedded in the harm to the corporation, it cannot separately stand" (id). Thus, where the alleged injury affects all shareholders not just the plaintiff then the action is derivative and not direct (Vaughan v. Standard General L.P., 154 AD3d 581, 63 NYS3d 44 [1st Dept., 2017]). Consequently, while a complaint may contain both derivative claims and individual claims such claims cannot be intermingled within the same cause of action (see, Hettinga v. Nahoum, 193 AD3d 449, 141 NYS3d 693 [1st Dept., 2021], Greenberg v. Falco

3

Construction Corp., 29 Misc3d 1202(A), 958 NYS2d 307 [Supreme Court Kings County, 2010]).

In this case the first cause of action alleging a breach of a fiduciary duty states that "Cao breached his fiduciary duty to the Plaintiff and the other members of Daotong when Cao failed to distribute income derived by Liberty pre-sale from the operations of the Subject Property" (see, Verified Complaint, ¶42 [NYSCEF Doc. No. 2]). The Verified Complaint impermissibly mixes derivative claims and individual claims in the same cause of action. Therefore, the motion seeking to dismiss the first cause of action is granted without prejudice and the plaintiff shall have an opportunity to properly re-plead the claims of a breach of a fiduciary duty.

Further, without a valid underlying breach of fiduciary claim there can be no claim of aiding and abetting such breach of any fiduciary duty (see, Eccles v. Shamrock Capital Advisors LLC, 209 AD3d 486, 176 NYS3d 35 [1st Dept., 2022]). Therefore, the motion seeking to dismiss the third cause of action is granted without prejudice.

Concerning the motion seeking to dismiss the accounting claim filed against 201 Liberty LLC, it is well settled that "the right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the

4

[*4]

party seeking the accounting has an interest" (see, Palazzo v. Palazzo, 121 AD2d 261, 503 NYS2d 381 [2d Dept., 1986]). The plaintiff, in his individual capacity does not maintain any fiduciary relationship with 201 Liberty LLC. "The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which defendant is bound to reveal his dealings" (Stevens v. St. Joseph's Hospital, 52 AD2d 722, 381 NYS2d 927 [4th Dept., 1976]). The plaintiff's mere minority ownership interest in Daotong LLC which in turn has an ownership interest in 201 Liberty LLC does not establish any fiduciary relationship between the individual plaintiff and 201 Liberty LLC. This is particularly true where the individual plaintiff is not a shareholder of 201 Liberty LLC (see, Castellotti v. Free, 138 AD3d 198, 27 NYS3d 507 [1st Dept., 2016]; Royal Warwick S.A. v. Hotel Representative Inc., 106 AD3d 451, 965 NYS2d 409 [1st Dept., 2013]). Thus, the plaintiff's mere ownership in a company owned by 201 Liberty LLC does not establish any fiduciary relationship. Therefore, the motion seeking to dismiss that portion of the accounting cause of action is granted.

So ordered.

ENTER:

DATED: February 15, 2024
Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

5

[*5]