# KIM DORSEY *v.* JACK C. MANCUSO
## (8889)

DALY, O'CONNELL and CRETELLA, Js.

Argued September 24—decision released December 18, 1990

*William L. Ankerman,* for the appellant-appellee (defendant).

*Norman F. Fishbein,* for the appellee-appellant (plaintiff).

CRETELLA, J. The defendant in this contract action appeals from the judgment of the trial court in favor of the plaintiff. The defendant claims that the trial court improperly (1) found that the plaintiff proved fraud in the inducement of the contract by clear and convincing evidence, (2) rendered judgment for the plaintiff in violation of public policy, (3) denied his motion to dismiss at the close of the plaintiff's case, and (4) rendered judgment beyond the relief sought in the plaintiff's complaint. The plaintiff cross appeals claiming that the court improperly ordered that the defendant is entitled to a one-half interest in the property in question.

The following facts are relevant to the resolution of this case. The plaintiff, who was married to Fred Dorsey, met the defendant when she was working at the Travelers Insurance Company in 1981. She began seeing the defendant socially in 1982 and, in April, 1985, she left her husband and began living with the defendant. Her marriage to Dorsey was dissolved in October, 1985.

In the spring of 1986, the plaintiff began seeing Dorsey again although she continued to live with the defendant. She resumed sexual relations with her ex-husband and became pregnant during the summer of that year. In January, 1987, she left the defendant and resumed living with her ex-husband. On April 26, 1987, the plaintiff gave birth to a daughter and, while continuing to live with Dorsey, had a second child, a son, in November, 1988. The plaintiff and Dorsey remarried on November 26, 1988.

The defendant has asserted that he is the father of the plaintiff's daughter, although he has never contributed to her support.

During the course of their relationship, the plaintiff and the defendant decided to purchase a piece of property in Enfield for investment purposes. The title to the property was placed in only the plaintiff's name because the defendant was then defending a civil action and was advised by counsel not to put any property in his name. The parties built a two-family residence on the property and in September, 1987, the defendant moved into one half of the house and began renting the other half.

In August, 1988, while she was living with Dorsey, the plaintiff received a letter from the defendant's attorney requesting that she quitclaim the Enfield property to the defendant. She telephoned the defendant to inform him that she would not quitclaim the property to him and thus forfeit her interest in the property while remaining liable for the mortgage which was in her name alone. The defendant, in reply, informed the plaintiff that he would make her life miserable if she did not comply with his requests, but, nevertheless, the plaintiff persisted in her refusal to transfer the property to the defendant.

Some time later, the defendant telephoned the plaintiff and threatened that he would bring an action to determine the paternity of her daughter if the plaintiff refused to deed the property to him. The plaintiff then agreed to transfer the property to the defendant on the basis of his assurances that if she executed the deed he would not pursue the paternity action. The plaintiff transferred the property to the defendant by a deed dated November 14, 1988. On November 28, 1988, however, she received a letter from the defendant's attorney stating that unless she stipulated that

the defendant was the father of her daughter, a paternity action would be brought. She refused to make any such stipulation and, in February, 1989, she received notice from the Wallingford Probate Court informing her that the defendant had filed a petition for paternity. That petition was denied and an appeal is now pending in the Superior Court.

The plaintiff brought the present action asking, inter alia, that her conveyance of the Enfield property to the defendant be declared null and void. The trial court found that the plaintiff had proved, by clear and convincing evidence, that the defendant had induced her by threat and fraud to turn over the real estate. The court further found that the defendant had promised that he would not bring a paternity action if she executed the deed and that the defendant's representation was untrue, and known by him to be untrue, that he had no intention to fulfill the promise when it was made, that the purpose of his promise was to induce the plaintiff to act on that promise, that the plaintiff was induced to turn over the property to her detriment, and that as a result of the defendant's fraud the plaintiff lost her equity in the Enfield property. The court then ordered that the defendant deed back to the plaintiff a one-half interest in the Enfield property. The defendant appealed to this court and the plaintiff cross appealed.

I

### THE DEFENDANT'S APPEAL

The defendant first claims that the plaintiff did not prove her claim of fraud in the inducement by clear and convincing evidence.

Whether a plaintiff sustains her burden of proof is a question of fact for the trier. *Capmar Construction, Inc.* v. *Coyle,* 4 Conn. App. 579, 580, 495 A.2d 1115

(1985). We are limited to an examination of the record to determine if it contains sufficient evidence to support the decision of the trial court. *Northeast Gunite & Grouting Corporation* v. *Chapman,* 20 Conn. App. 201, 203–204, 565 A.2d 256 (1989). This court is entitled to presume that the trial court properly considered all of the evidence that was before it. *Chomko* v. *Patmon,* 19 Conn. App. 483, 563 A.2d 311, cert. denied, 212 Conn. 819, 565 A.2d 539 (1989).

The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment. *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 295–96, 478 A.2d 257 (1984). Our review of the record leads us to conclude that there was ample evidence before the trial court to support its decision that the plaintiff executed the deed as a result of the defendant's fraudulent inducement.

The defendant next claims that the trial court's judgment violates public policy. Because the defendant fails to specify what public policy is violated by the court's judgment and cites no rule of law in support of this public policy, we cannot consider this claim. Where counsel has not researched the issues or formulated the appropriate legal arguments, the claim evades meaningful appellate review. *Echols* v. *Balck,* 9 Conn. App. 620, 520 A.2d 651 (1987). Bare assertions without citation to legal authority constitute abandonment of the issue. *State* v. *Chauvin,* 8 Conn. App. 307, 311, 512 A.2d 969 (1986).

The defendant next claims that the trial court improperly denied the motion to dismiss that he entered at the close of the plaintiff's case. He asserts that because

there was insufficient evidence to establish the elements of fraud his motion should have been granted.

This claim is essentially a restatement of the first claim addressed in this opinion. In light of our conclusion that there was sufficient evidence to support the trial court's determination of fraud, this claim must also fail.

The defendant's final claim is that the court's judgment went beyond the relief sought in the plaintiff's complaint. The plaintiff asserted in her complaint each element necessary to establish that she was fraudulently induced to convey the Enfield property to the defendant. Her prayer for relief asked that the defendant be enjoined from conveying or encumbering the property, that judgment be entered declaring her transfer of the Enfield property to the defendant null and void, and that the court impose a constructive trust on the property in favor of the plaintiff.

The defendant asserts that because the plaintiff did not seek equitable relief under Practice Book § 139, the trial court did not have jurisdiction to render equitable relief. We do not agree.

The defendant relies upon Practice Book § 139 which provides: "A party seeking equitable relief shall specifically demand it as such, *unless the nature of the demand itself indicates that the relief sought is equitable relief.*" (Emphasis added.)

Where the nature of the case and the nature of the plaintiff's demand is such that equitable relief is clearly being sought, a specific demand for equitable relief is not necessary. *Muller* v. *Witte*, 78 Conn. 495, 497, 62 A. 756 (1906). We conclude that the nature of the plaintiff's demands in the present case clearly notified the court and the defendant that equitable relief was being

sought, therefore, the court was entitled to grant equitable relief pursuant to General Statutes § 52-22.[1]

## II

### THE PLAINTIFF'S CROSS APPEAL

The plaintiff's cross appeal asserts that because the defendant gained possession of the Enfield property through fraud in the inducement, the contract was voidable at her option. She contends that it was, therefore, improper for the court to order the return of only a one-half interest in the property. We agree.

"Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused [her] to enter the contract." *Kavarco* v. *T.J.E., Inc.,* supra, 298. "Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract." Id., 299. The appropriate remedy in this case would have been to void the contract between the parties as requested by the plaintiff in her complaint. This would have restored the parties to the position they were in before the defendant fraudulently induced the plaintiff to convey the Enfield property to him.

The judgment awarding a one-half interest to the plaintiff is reversed on the cross appeal and the case is remanded with direction to render judgment ordering the transfer of full title of the property at issue to the plaintiff, without prejudice to the defendant's asser-

[1] General Statutes § 52-22 provides in pertinent part: "The superior court in the exercise of its equitable jurisdiction may pass the title to real property by decree, without any act on the part of any party holding title to the real property, when in its judgment it is the proper mode to carry the decree into effect."

tion of any equitable interest he may claim in the property. The judgment is affirmed as to the issues on the defendant's appeal.

In this opinion the other judges concurred.