[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION TO STRIKE
The facts as alleged in the amended complaint are as follows. On November 10, 1987, the plaintiff, Pearl Leon ["Leon"], was injured in a motor vehicle accident when the bus she was driving was rear-ended by a dump truck owned by the CT Page 5314-m Town of Stratford and operated by its employee, James Spell. On November 22, 1987, Leon engaged the defendants, Plotkin, McLouglin Kosowsky, Bernice Kosowsky ["Kosowsky"] and Nathaniel Plotkin ["Plotkin"], to represent her in connection with any and all claims arising out of the accident pursuant to a written retainer agreement. Thereafter, the defendants provided legal services on behalf of Leon in connection with plaintiff's workers' compensation claim. However, the defendants provided no legal services in connection with any claim the plaintiff may have had against Spell or the Town of Stratford for personal injuries, damages and/or losses arising out of the accident.
On July 18, 1991, the plaintiff filed a two-count complaint against the defendants. On September 11, 1991, the plaintiff filed an amended complaint. On November 15, 1991, the defendants filed an answer to the amended complaint and a counterclaim. On December 6, 1991, the plaintiff filed an answer to the counterclaim.
On March 2, 1992, Greater Bridgeport Transit District filed a motion to join as co-plaintiff and to file an intervening complaint. On March 16, 1992, the plaintiff filed an objection to Greater Bridgeport Transit District's motion to join as co-plaintiff and to file an intervening complaint. The court, however, has not acted on the motion.
On May 21, 1992, the defendants filed an amended answer and counterclaim. Thereafter, the plaintiff filed a second amended two-count complaint on November 5, 1992. The first count alleges a claim for malpractice, and the second count alleges a cause of action for breach of the retainer agreement. In her second amended complaint, the plaintiff seeks monetary and puntive [punitive] damages.
On December 3, 1992, the defendants filed a motion to strike the plaintiff's claim for puntive [punitive] damages which was granted by the court, Leheny, J., on January 26, 1993. On February 10, 1993, the plaintiff filed a request for permission to file an amended three-count complaint which was granted by the court, Leheny, J., on April 26, 1993.
On February 18, 1993, the defendants filed an objection to the request for leave to file an amended complaint on the CT Page 5314-n ground, inter alia, that the third count which attempts to set forth a cause of action for fraudulent concealment, is legally insufficient. By agreement of the parties and permission of the court, the objection will be treated as a motion to strike. On March 31, 1993, the plaintiff filed both a memorandum of law in su in support of the request to file an amended complaint and a supplemental memorandum of law which for purposes of this discussion will be treated as an objection to the motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any complaint. Practice Book § 152(1); Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original.)Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citingMichaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would support a cause of action, the motion to strike must be denied. Ferrymanv. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
The defendant moves to strike the third count of the plaintiff's amended complaint on the ground that a claim of fraudulent concealment is not itself a cause of action. In opposition, the plaintiff argues that the third count is not limited to a claim of fraudulent concealment, but rather alleges a claim of fraudulent misrepresentation.
In order to state a cause of action for fraudulent misrepresentation, the plaintiff must allege "that a false CT Page 5314-o representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury." Web Press Services Corp. v. New LondonMotors, Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987); see alsoDorsey v. Mancuso, 23 Conn. App. 629, 583 A.2d 646 (1990). The plaintiff alleges that the defendants falsely represented that any action against Spell or the Town of Stratford would not be worthwhile to pursue; the defendants knew that they had failed to send the requisite notice to the Town of Stratford; the defendants knew that they had failed to file suit against Spell or the Town of Stratford within the two-year statute of limitations; and that in reliance on the defendants' representation with regard to possible action against Spell or the Town of Stratford, the plaintiff signed a letter which provided that the defendants would only institute a claim for workers' compensation benefits all to the plaintiff's detriment.
The court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them."Zeller v. Mark, 14 Conn. App. 651, 654, 542 A.2d 752 (1988). Construing the allegations broadly, the count sufficiently alleges a claim for fraudulent misrepresentation.
Because the court finds that the third count sufficiently alleges a cause of action for fraudulent misrepresentation, the court need not reach the issue of whether a claim of fraudulent concealment is itself an independent cause of action.
Accordingly the motion to strike the third count is denied.
LEHENY, JUDGE