[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 150
On November 29, 1993, the plaintiffs, Daniel Honan, Edith Honan,[1]
and Bradley Honan, filed a six count second amended complaint wherein they seek damages from the defendant, Attorney Norman Voog.
The plaintiffs allege that the defendant is an attorney licensed to practice law in the State of Connecticut.[2]
The first count alleges that, without privilege to do so, the defendant engaged in conduct by which he intentionally inflicted emotional distress. Counts two through five, which incorporate the allegations as set forth in count one, allege causes of actions sounding in harassment, cruelty to children pursuant to General Statutes, Sec. 53-20, risk of injury to minors pursuant to section 53-11,[3] and negligent infliction of emotional distress, respectively. The sixth count alleges fraudulent misrepresentation based upon alleged comments made by the defendant to the State Grievance Committee.
On December 27, 1993, the defendant filed an answer. By way of two special defenses as to all counts, the defendant alleges that: (1) the plaintiffs fail to state claims upon which relief can be granted, and (2) in his capacity as a court appointed guardian ad litem, the defendant has a qualified privilege. By way of three other special defenses, the defendant further alleges that, as to count three, he has never had custody or control of any of the plaintiffs. As to count four, the defendant alleges that General Statutes, Sec. 53-11 has been repealed. With regard CT Page 11033 to count six, the defendant alleges that the plaintiffs lack standing to appeal the findings of the grievance committee.
On June 29, 1994, the defendant filed a motion for summary judgment on all counts of the plaintiffs' second amended complaint. The defendant has filed a memorandum of law, with an attached affidavit, in support of his motion. The plaintiffs have filed a memorandum of law, with an attached affidavit, in opposition.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). "A material fact is simply a fact which will make a difference in the result of the case." Gencov. Connecticut Light Power Co., 7 Conn. App. 164, 167,508 A.2d 58 (1986). The burden of proof is on the moving party. State v.Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). "[T]he facts presented must be viewed in the light most favorable to the party opposing the motion." Id. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984), quotingDougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). "Issue finding, rather than issue determination, is the key to the procedure."Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
In his supporting memorandum, the defendant argues, inter alia, that the plaintiffs seek damages for unspecified conduct allegedly engaged in by the defendant. The defendant contends that mere allegations of harm, without more, cannot withstand a summary judgment.
Conversely, the plaintiffs argue in their opposition memorandum that the defendant's motion for summary judgment is nothing more than an "untimely substitute for a motion to strike" and that there are material facts in dispute between the parties. Therefore, the plaintiffs argue that the defendant is not entitled to judgment as a matter of law.
Issues regarding legal insufficiency are properly raised by a motion to strike; Practice Book, Sec. 152; or by a motion for summary judgment, where the pleadings are closed. See, e.g., Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971); Meyer v. Valley ForgeInsurance Co., 6 CSCR 453 (April 11, 1991, Maiocco, J.). "`[T]he right of a plaintiff to recover is limited to the allegations of his CT Page 11034 complaint. . . .'" (Citation omitted.) Tedesco v. Stamford,215 Conn. 450, 458, 576 A.2d 1273 (1990). Furthermore, a complaint "shall contain a concise statement of the facts constituting the cause of action . . .," Practice Book, Sec. 131; for "[a] complaint must fairly put the defendant on notice of the claims . . . against him." Farrell v.St. Vincent's Hospital, 203 Conn. 554, 557,525 A.2d 954 (1987).
The first count of the plaintiffs' six count second amended complaint alleges, in part, that:
 Norman Voog . . . is an attorney licensed to practice in the State of Connecticut.
 Without privilege to do so, the said Voog has engaged in conduct by which he intended to inflict emotional distress upon the said Honan children.
Such conduct was outrageous.
 Such conduct caused severe emotional distress in the said Honan children and such conduct was the proximate cause of such severe emotional distress.
(First Count, Plaintiffs' Second Amended Complaint dated November 29, 1993, paragraphs 3, 4, 5, 6.)
In the first count, the plaintiff has alleged in the barest bones, the elements of a cause of action sounding in intentional infliction of emotional distress. "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Citations omitted.) United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596
(1969). The allegation of intent raises material issues of fact. Therefore, the defendant's motion for summary judgment as to count one is denied.
The second count alleges that the defendant harassed the children as "harass" is defined in General Statutes, Sec. 53a-183. That definition speaks of an element of harassment as a telephone, telegraph, mail or facsimile communications. No such communication has been alleged by the defendant to the children. The defendant denies telephonic or mail communication with the children. The plaintiffs, in their memorandum of law in opposition to the motion for summary judgment dated July 15, 1994, CT Page 11035 speak only of a communication directed "in name to the children's parent." There is no genuine issue of material fact there as to a communication by the defendant which would fit into the definition of harassment pursuant to section 53a-183.
Further, with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for its argument in order to raise a genuine issue of fact.Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250,618 A.2d 506 (1992).
The plaintiffs have alleged no facts raising a genuine issue of material fact as to the allegation of harassment. Therefore, the motion for summary judgment is granted as to the second count.
In the third count, the plaintiffs allege that the defendant tormented the children so as to commit the crime defined in General Statutes, Sec. 53-20 as cruelty to persons. That statute sets forth several acts as well as relationships which constitute the crime. There is no allegation or evidence in the file that the defendant had control and custody of the children. The bold allegation of intentional tormenting of the children does not present a factual predicate sufficient to raise a genuine issue of fact. Wadia, supra, 250. The defendant's motion for summary judgment is therefore granted as to the third count.
The fourth count alleges the defendant's conduct constituted the crime of risk of injury to minors pursuant to General Statutes, Sec. 53-11. That statute has been repealed. The factual predicate necessary to establish the conduct is absent so that no genuine issue of fact is raised. Therefore, the motion for summary judgment isgranted as to the fourth count.
In the fifth count, the plaintiffs allege a cause of action sounding in negligent infliction of emotion distress. Issues of negligence are ordinarily not susceptible of summary adjudication as they present mixed questions of fact and law. Fogarty v. Rashaw, supra, 446, quoting Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 199, 319 A.2d 403 (1972). In their affidavit, the plaintiffs further state that the defendant threatened to have the children removed from their home and to interfere with the children's education and verbally insulted the children. These allegations are not specified in the complaint nor do the plaintiffs allege that the defendant knew or should have known that his conduct "`involved an unreasonable risk of causing emotional distress and that that distress, if it CT Page 11036 were caused, might result in illness or bodily harm.'" Buckman v.People Express, Inc., 205 Conn. 166, 173, 530 A.2d 596 (1987).
The burden of proving that there is no genuine issue of material fact is on the movant; the evidence must be viewed in the light most favorable to the opponent. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980).
For the foregoing reasons, the motion for summary judgment as to the fifth count is denied.
In the sixth count, the plaintiffs have incorporated the first count in its entirety, but further allege a cause of action sounding in fraudulent misrepresentation.
 The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment.
Dorsey v. Mancuso, 23 Conn. App. 629, 633, 583 A.2d 626 (1990).
The defendant argues that the sixth count fails to comport with the elements of fraudulent misrepresentation.
The plaintiffs counter that the defendant has failed to provide facts establishing that "he did not make such fraudulent misrepresentations" or that "his conduct did not cause harm to the children."
As a threshold matter, the plaintiffs have not alleged the elements of a cause of action based on fraudulent misrepresentation as outlined in Dorsey v. Mancuso, supra, and therefore have not stated a cause of action upon which they can recover. The plaintiffs have failed to allege that a false statement was made by the defendant inducing them to act or that they acted on any false statement to their detriment.
Based on the foregoing, the defendant's motion for summary judgment is granted as to count six of the plaintiffs' second amended complaint.
Leheny, J. CT Page 11037