[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Garvey, filed a five count complaint seeking, inter alia, the return of a $20,000 deposit given by him to the defendant, Bridgeport Fire Department Employees Federal Credit Union, (credit union) in connection with the possible repurchase of property known as 67 Greenfield Hill Road, Monroe, Connecticut. The property was previously owned by Garvey and had been foreclosed upon by the credit union. The case was tried to the court. After trial, the plaintiff filed a second amended complaint in four counts. Count one of the second amended complaint alleges breach of contract; count two alleges unjust enrichment; count three alleges fraudulent misrepresentation; and count four alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq.
This was a fact-intensive, credibility critical case. The court has resolved these matters, without difficulty, in favor of the defendant.
The court finds that, prior to the inception of this case, the credit union held title to the Greenfield Hill Road property. The credit union subsequently filed an application for execution of the ejectment pursuant to General Statutes § 49-22(a)[1], which application was granted by the court. Execution of the ejectment was scheduled for October 20, 1992. Prior to the execution, Garvey's attorney, Ira B. Charmoy, proposed that Garvey be allowed to repurchase the property in order to avoid ejectment. On October 19, 1992, the credit union agreed to forbear from ejectment for one week provided that Garvey pay to the credit union $20,000 as a non-refundable security deposit, to be applied to the agreed upon $175,000 purchase price of the Greenfield Hill Road property. The understanding of the parties at that time was that if after one week, Garvey failed to tender the purchase price and close on the property, he would forfeit the $20,000 and the ejectment would proceed. On October 20, 1992, a $20,000 non-refundable deposit was tendered to the credit union by Charmoy on behalf of Garvey.
The credit union suspended the execution of the ejectment for the agreed upon period of one week, but was not contacted by Garvey regarding the purchase of the Greenfield Hill Road property. The credit union subsequently had the order of ejectment executed and Garvey was ejected on or about November 5, 1992. Meanwhile, Garvey had been CT Page 3331 attempting to arrange financing for the purchase of Greenfield Hill Road property through various channels. Garvey later learned that Dr. Robert Russo, who had expressed a possible willingness to help finance the purchase of the Greenfield Hill Road property for Garvey, was unwilling to aid Garvey in his repurchase of the property. In addition, Garvey's application for a residential mortgage loan was denied by the Lafayette Bank and Trust Company by letter dated November 24, 1992. Garvey failed to tender the purchase price for the Greenfield Hill Road property within the one week period during which the credit union had agreed to forbear from proceeding with Garvey's ejectment. In addition, at no time relevant to this case was Garvey ready, will and able to tender the purchase price for the property to the credit union.
 I
In count one of his second amended complaint, Garvey alleges that he tendered the $20,000 security deposit in return for a promise from the credit union to sell to him the Greenfield Hill Road property. Garvey alleges further that the credit union breached the agreement by refusing to sell to Garvey the property.[2]
"In the absence of definitive contract language, the determination of what the parties intended their contractual commitments to encompass is a question of the intention of the parties and hence an inference of fact to be resolved by the trier of fact." Gionfriddo v. Avis Rent A CarSystems, Inc, 192 Conn. 280, 296, 472 A.2d 306 (1984); see Read v. AtlasMotor Car Co., 83 Conn. 167, 170, 76 A. 465 (1910). "A party could not legally or logically be in breach of a contract where no default has occurred under the terms of the contract." Patron v. Konover,35 Conn. App. 504, 518, 646 A.2d 901 (1994).
The credit union did not unconditionally promise to sell the property to Garvey. Instead, it agreed to forbear from proceeding with the scheduled ejectment for one week and to close upon a sale of the property within that week on the condition that Garvey tender the purchase price. While "time is ordinarily not of the essence in transactions involving real property"; Kakalik v. Bernardo, 284 Conn. 386,393, 439 A.2d 1016 (1981); this merely is a rule of preseumed [presumed] intent of the parties, which may be shown to be otherwise. See generally 3A Corbin on Contracts §§ 713-716. If ever there was a case where time was of the essence, this was such a case. Both parties understood that a failure to tender the purchase price within the week would result in forfeiture by Garvey of the deposit. The credit union performed its agreement to forbear from proceeding with the ejectment for one week. Furthermore, Garvey did not attempt to tender the purchase price of the CT Page 3332 Greenfield Hill Road property to the credit union. Therefore, the credit union did not breach its agreement with Garvey because the duty to close upon the sale of the property never arose. The relief sought in count one of Garvey's second amended complaint is denied.
 II
Count two of Garvey's second amended complaint alleges that the credit union has been unjustly enriched by its retention of the $20,000 deposit tendered by Garvey. "Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy . . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiffs' detriment." (Citation omitted; internal quotation marks omitted.) Hartford Whalers Hockey Club v. Uniroyal Goodrich TireCo., 231 Conn. 276, 283, ___ A.2d ___ (1994). "Parties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations . . . . Proof of a contract enforceable at law precludes the equitable remedy of unjust enrichment . . . at least in the absence of a breach of the contract by the defendant . . . a nonwillful breach by the plaintiff . . . or a mutual rescission of the contract." (Citations omitted; internal quotation marks omitted.) Polverari v. Peatt, 29 Conn. App. 191,199, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992).
Here, Garvey and the credit union entered into an express contract whereby Garvey promised to provide a $20,000 non-refundable deposit and in exchange the credit union agreed to forbear from executing an ejectment for one week during which Garvey would have the right to purchase the Greenfield Hill Road property. Both parties performed their obligations under the contract and the contract was not rescinded. Because of the existence of a valid express contract and the absence of any breach or recision, the remedy of unjust enrichment is precluded.Polverari v. Peatt, supra, 29 Conn. App. 199. Accordingly, the relief sought in count two of Garvey's second amended complaint is denied.
 III
In the third count of Garvey's second amended complaint he alleges fraudulent misrepresentation. "The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false CT Page 3333 representation to [his] detriment." Dorsey v. Mancuso, 23 Conn. App. 629,633, 583 A.2d 646, (1990), cert. denied, 217 Conn. 809, 585 A.2d 1233
(1991).
Though Garvey does not specify in his complaint exactly what representation he claims was fraudulent, the only relevant representation made by the credit union was the representation that it would sell the Greenfield Hill Road property to Garvey upon tender of the purchase price within one week following October 20, 1992. There is no evidence to support the contention that this representation was fraudulent. Garvey never tendered the purchase price of the property to the credit union nor did he ever possess the financial resources to do so. Hence, the credit union's obligation to sell the property never arose. Accordingly, because no misrepresentation was made by the credit union, Garvey cannot recover on count three of his second amended complaint.
 IV
The fourth count of Garvey's second amended complaint alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. "It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair; (1) [w]hether the practice, without necessarily having been previously considered unlawful offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . . . [The court] also noted that [a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Citations omitted; internal quotation marks omitted.)Associated Investment Co. v. Williams Associates, 230 Conn. 148, 155-56,645 A.2d 505 (1994).
The credit union did not engage in any deceptive practice or any practice that could be construed as a violation of public policy. The credit union was entitled to proceed with the ejectment of Garvey from CT Page 3334 property to which it held title. See General Statutes § 49-22, note 1, supra. Furthermore, it was Garvey, through his attorney, who implored the credit union to forbear from ejecting him for one week while he arranged the necessary financing to repurchase the property. The credit union's reluctant acceptance of Garvey's terms and subsequent performance of the credit union's part of the agreement does not fall under "the penumbra of some common law, statutory or other established concept of unfairness." Associated Investment Co. v. WilliamsAssociates, supra, 230 Conn. 155. Nor was the credit union's conduct "immoral, unethical, oppressive, or unscrupulous" and it did not cause "substantial injury to consumers." Ibid. Accordingly, recovery is denied upon count four of Garvey's second amended complaint.
Judgment may enter for the defendant on all counts.
BY THE COURT
Bruce L. Levin Judge of the Superior Court