[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 108)
A. FACTS:
Continuing Care of South Windsor, aka South Windsor Nursing Center, herein the plaintiff, filed this collection action against Ms. Connie DiSomma, herein the defendant, as the conservatrix of Ms. Phyllis Benettieri and against the defendant in her individual capacity, for monies owed to the plaintiff for the care of Ms. Phyllis Benettieri. The first three counts of plaintiff's complaint are against the defendant as conservatrix, they are: (1) breach of contract; (2) quantum meruit; (3) unjust enrichment. The fourth through seventh counts are against the defendant individually, and are as follows: (4) breach of CT Page 13006 contract; (5) promissory estoppel; (6) fraudulent misrepresentation; and (7) breach of contract. The defendant filed motion to strike (#108) to strike counts five and six. Oral argument was held on November 20, 1995.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "[A] motion to strike that does not specify the grounds of insufficiency is `fatally defective' . . . Practice Book § 155, which requires a motion to strike to be accompanied by a memorandum of law citing legal authorities upon which the motion relies, does not dispense with the requirement of § 154[1] that the reasons for the claimed pleading deficiency be specified in the motion itself." (Emphasis in original, internal citations and quotations omitted.) Blancato v.Feldspar Corp., 203 Conn. 34, 36-37 n. 3, 522 A.2d 1235 (1987).
Although the defendant has failed to state the grounds that it relies upon in its motion to strike, which is sufficient grounds to deny the motion the court has discretion to look to the supporting memorandum for the grounds and this court decides to do so in this case.
In the memorandum in support the defendant relies upon General Statutes § 19a-535(b) as grounds for striking both counts.
General Statutes § 19a-535(b) provides in relevant part:
 "a nursing facility shall not transfer or discharge a patient from the facility except to meet the welfare of the patient which cannot be met in the facility, or unless the patient no longer needs the services of the facility due to improved health, or the health or safety of individuals CT Page 13007 in the facility is endangered, or in the case of a self-pay patient, for his nonpayment or arrearage of more than fifteen days of the per diem nursing facility room rate, or the facility ceases to operate . . ."
The defendant argues that since the plaintiff can't transfer a patient already admitted, it is irrelevant whether the defendant made misrepresentations or fraudulently induced the plaintiff to accept the patient, thus the fifth count, promissory estoppel, and the sixth count, fraudulent inducement, fail to state a claim upon which relief can be granted.
There is nothing in the statute which expressly precludes an action for promissory estoppel and/or fraudulent inducement. The statute prohibits the transfer or discharge of patients at nursing facilities, it does not preclude causes of action that arise prior to the party becoming a patient at the nursing facility.
The plaintiff alleges in its memorandum in opposition to the defendant's motion to strike, that the defendant made the following representations to the plaintiff: "the defendant would personally pay for the services rendered to Ms. Benettieri or would pay applied income to the Center because the Center could not discharge Ms. Benettieri." Further, that these representations were made both in the defendant's capacity as conservatrix of Ms. Benettieri and individually, prior to the plaintiff's acceptance of Ms. Benettieri as a patient. The plaintiff further states that these fraudulent misrepresentations, were the reason the plaintiff accepted Ms. Benettieri and incurred costs related to the care of Ms. Benettieri.
The essential elements for promissory estoppel are: (1) a clear and definite promise; (2) reasonable reliance on the part of the promisee; (3) the promise induced the action taken by the promisee; and (4) that injustice can be avoided only by enforcement of the promise. D'Ulisse-Cupo v. Board of Directorsof Notre Dame High School, 202 Conn. 206, 213, 520 A.2d 217
(1987). The plaintiff has plead all of the elements for a cause of action in promissory estoppel and the aforementioned statute is not implicated, as to the above stated count. Thus, construing the facts most favorably to the pleader, the motion to strike Count Five should be denied. CT Page 13008
The essential elements of fraudulent misrepresentation are: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and was known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment. Dorsey v. Mancuso, 23 Conn. App. 629, 633,583 A.2d 646 (1990); Miller v. Appleby, 183 Conn. 51, 54,438 A.2d 811 (1981). The plaintiff has plead all of the elements of a cause of action for fraudulent misrepresentation and the aforementioned statute is not implicated, as to the above stated count. Thus, construing the facts most favorably to the pleader, the motion to strike Count Six should be denied.
C. CONCLUSION:
It is decided that the plaintiff has sufficiently stated a claim upon which relief may be granted as to the fifth and sixth counts of the complaint.
For the reasons herein stated, it is concluded that the defendant's motion to strike, ought to be and is hereby denied.
It is so ordered,
ARENA, J.