[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 12157
The plaintiffs, Alan Bennett and Rebecca Cleveland-Bennett, filed a five count revised second amended complaint sounding in breach of warranty (count one); negligence (counts two and four); fraud in the inducement (count three); and violations of General Statutes § 42-110, et seq. the Connecticut Unfair Trade Practices Act (CUTPA) (count five). The plaintiffs are seeking to be reimbursed for monies spent to fix problems allegedly arising from the defendants' inadequate construction of their new residence.
The defendant Colonial Homes has filed a motion (#134) to strike count three and count five.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
COUNT THREE
Count three of the plaintiffs' complaint is entitled "fraud in the inducement." The defendant moves to strike count three on the ground that "[t]he [plaintiffs have] failed to allege facts sufficient to bring this claim within the requirements of the common law."
A cause of action for "fraud in the inducement" is the same as a common law claim for fraudulent misrepresentation. SeeDorsey v. Mancuso, 23 Conn. App. 629, 583 A.2d 646 (1990), cert. denied, 217 Conn. 809, 585 A.2d 1234 (1991). "The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment." Id., 633. CT Page 12158
In the present case, the plaintiffs fail to allege all of the elements required for a claim of fraudulent misrepresentation. The plaintiffs allege in count three that the defendant made certain representations about the quality of the materials used to construct the house. The plaintiffs, however, fail to allege that these statements were untrue, known by the defendant to be untrue, and made by the defendant in order to induce the plaintiffs to act. The facts, as alleged in the complaint, are legally insufficient to maintain a cause of action for fraudulent misrepresentation. The defendant's motion to strike count three of the complaint is granted.
COUNT FIVE
The defendant moves to strike count five on the ground that "[i]t is well established in Connecticut law that a simple breach of contract is not sufficient to establish a violation of CUTPA."
The court notes that the defendant's characterization of the plaintiffs' complaint as alleging "a simple breach of contract" is not accurate. The plaintiffs allege that more than "a simple breach of contract" has occurred.
The defendant's statement that "it is well established" that "a simple breach of contract" is not enough to establish a violation of CUTPA is also not accurate.
The appellate courts have not addressed the issue of whether a single transaction is enough to establish a CUTPA claim. There remains a split of authority at the trial court level regarding whether to allow a CUTPA claim where only a single transaction is involved. See e.g., Nygaard v. Metropolitan Prop. Cas. Co.,
Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 151924 (Apr. 7, 1997, Karazin, J.) (single transaction was enough to maintain a CUTPA claim.) But seeMayer-Wittmann Jt. Ven. v. Gunther Int., Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 134790 (Oct. 21, 1994, Lewis, J.) (single transaction was not enough to maintain a CUTPA claim.).
"The majority of trial courts that have addressed this issue have held that a litigant need not allege more than a single transaction upon which to base a CUTPA claim." Nygaard v.Metropolitan Prop. Cas. Co., supra, Superior Court, Docket No. 151924. In Mayer-Wittmann Jt. Ven. v. Gunther Int., supra, CT Page 12159 Superior Court, Docket No. 134790, this court, however, refused to allow a CUTPA claim where only a single transaction was alleged. This court noted that "[c]ourts have found that a single act may constitute a violation of CUTPA . . . . [S]ince CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is a part of that business, the central issue in determining whether CUTPAshould apply is whether the party against whom [the CUTPA claim]is made is in the business of entering into transactions of thetype that is at issue . . . ." (emphasis added.) (Citations omitted; internal quotation marks omitted.)
In the present case, the plaintiffs fail to allege whether the defendant is in the business of entering into transactions of the type that is at issue. As such, on this ground alone, the facts alleged in count five are legally insufficient to maintain a cause of action for a violation of CUTPA. The defendant's motion to strike count five of the complaint is granted.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of November, 1997.
WILLIAM BURKE LEWIS, JUDGE