[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#218)
On February 14, 1999, Amity Regional School District No. 5 (Amity) filed a thirty-seven count complaint against fourteen defendants, claiming damages resulting from renovations and additions work on Amity Regional High School (the "project") The defendants Maguire Group, Inc., Maguire Group Architects, Inc., Terry McCarthy and Sebastian Amenta (hereinafter "Maguire") have moved to strike counts twenty (breach of contract), twenty-one (breach of implied contract), twenty-two (breach of covenant of good faith and fair dealing), thirty-two (negligence), thirty-three (misrepresentation), thirty-four (negligent misrepresentation), thirty-five (fraudulent misrepresentation), thirty-six (violation of CUTPA, General Statutes § 42-110a et seq.) CT Page 10594 and thirty-seven (indemnification) as alleged against Maguire Group, Inc. In addition, Maguire has moved to strike counts twenty-two, thirty-five, thirty-six and thirty-seven as alleged against Maguire Group Architects, Inc. Amity has opposed the motion.
The following pertinent facts are derived from the complaint. Maguire Group, Inc. is a Delaware corporation with offices in New Britain, Connecticut. Maguire Group Architects, Inc. is a Connecticut corporation with offices in New Britain, Connecticut. Both of these entities allegedly entered into a contract with Amity to provide architectural and engineering design services, prepare contract documents and administer bidding and construction on behalf of Amity.[1] The complaint alleges that prior to their agreement, Maguire represented to Amity that it would perform the project architectural and engineering work with its own personnel; however, after the contract was executed, Maguire underwent a corporate reorganization and no longer employed the personnel necessary to perform the contracted services. Maguire then subcontracted with former personnel to complete all or some of the project, at the same time representing to Amity that its reorganization and subcontracting would not affect its performance.
On or about December 26, 1991, Amity entered into a contract with Atlas Construction Company (Exhibit B to the complaint) to construct the project. The party named as the architect in the Amity-Atlas contract is Maguire Group, Inc. Construction under that contract began on or about April, 1992, and was to be substantially completed on or before September 26, 1994, as amended. Atlas Construction Company (Atlas) sued Amity in 1997,[2] alleging that Amity (or its duly authorized representatives and agents) "failed to provide architectural and engineering work in accordance with the contract documents." Complaint, Preface, ¶ 56. This lawsuit followed two years later.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint. . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "[The motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The court must CT Page 10595 construe the facts in the complaint most favorably to the plaintiff."Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Id.
Maguire moves to strike counts twenty-one, twenty-two, thirty-two, thirty-three and thirty-four specifically as to the Maguire Group, Inc. on the basis that Amity has failed to allege that Maguire Group, Inc. was a party to a contract with Amity and no privity of contract otherwise existed between Amity and Maguire Group, Inc. The court finds, however, that the allegations of the complaint and the contents of the contract documents constituting a part of the complaint sufficiently allege that Maguire Group, Inc. was a party to the owner-architect contract. The motion to strike counts twenty-one, twenty-two, thirty-two, thirty-three and thirty-four, asserted only as to The Maguire Group, Inc., is denied.
Maguire moves to strike count twenty-two (breach of covenant of good faith and fair dealing) on the basis that Amity has failed to allege the existence of an interested or sinister motive on the part of the Maguire defendants.
In count twenty-two, Amity alleges that a covenant of good faith and fair dealing is implied in the owner-architect contract between Amity and Maguire, that Maguire breached this covenant by misrepresenting that subcontracting would have no adverse impact on the project, that additional pay was due for extra work, that the price for the extra work was fair, and that disclosure of material facts would have avoided contract delays. Amity further alleges that in addition to various supervisory breaches, Maguire misrepresented that insurance coverage on the project was as required by the contract documents. Claiming that Maguire's conduct was willful, wanton and exhibited reckless indifference to Amity's interests, Amity claims economic losses and punitive damages in count twenty-two.
Our Supreme Court recognizes that "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party will do anything that will injure the right of the other to receive the benefits of the agreement. (Citation omitted; internal quotation marks omitted.) Gutpa v. New Britain General Hospital, 239 Conn. 574, 598,687 A.2d 111 (1996). Bad faith . . . [is not simply] the absence of good faith. . . . Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a CT Page 10596 dishonest purpose. . . ." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992).
The court must accept as true the allegations that these parties entered into a contract for architectural services which Amity claims has been breached in a number of ways. Whether Maguire "misrepresented" or "concealed" information or was "willful wanton and exhibited reckless indifference to Amity's interests" are legal conclusions that alone cannot survive a motion to strike. See Faulkner v. United TechnologiesCorp., supra, 240 Conn. 588; see also Meehan v. The Press, Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 321002 (February 22, 1996, Moraghan, J.) (allegations that defendant's conduct was "deliberate, wanton and willful" are legal conclusions that cannot survive a motion to strike.) The remaining facts alleged, such as failure to secure adequate insurance, the adverse result of using subcontractors, and supervisory complaints, do not have the ring of a "dishonest purpose" or "sinister motive."
As recognized in Meehan v. The Press, Inc., supra, Superior Court, Docket No. 321002, "[t]his court has previously stricken claims of breach of the implied covenant of good faith and fair dealing where there is an insufficient factual predicate to support such claim . . . [and] [w]hile other courts have allowed similar claims to stand, in those cases there has been some allegation in the pleadings — other than incorporation of all the other paragraphs of the complaint — that supports [this cause of action]. . . ." (Citations omitted.) Id. See, e.g., McCrea v. Louis Dreyfus Corp., Superior Court, judicial district of Danbury at Danbury, Docket No. 316358 (September 28, 1994, Stodolink, J.) (12 Conn.L.Rptr. 493) (allegation that defendant "willfully" failed to perform certain obligations pursuant to contract insufficient to support bad faith claim) and Deleonardo v. Metropolitan Casualty Surety Co.,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142770 (September 10, 1996, Karazin, J.) (allegations insufficient to state a claim where plaintiff alleged that defendant, by refusing to pay amount demanded by plaintiff, breached implied covenant of good faith and fair dealing, contrary to its obligation to deal with its insured in fair and reasonable manner)
In order to survive a motion to strike, a plaintiff's claim of bad faith "must be alleged in terms of . . . acts done with a bad motive or with reckless indifference to the interest of others. . . ." (Citation omitted.) Saint Francis Hospital Medical Center v. DeCaro, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 705814 (December 9, 1996, Wagner, J.T.R.). This "dishonest purpose" requirement to pleading a bad faith claim was satisfied in Saint FrancisHospital Medical Center v. DeCaro, supra, by the plaintiff alleging, CT Page 10597 inter alia, that the defendant insurer omitted or misrepresented pertinent facts and provisions relating to its insurance coverage, coupled with the insurer's unilateral denial of coverage on the basis of improper, inaccurate or unjustifiable reasons. Id. These facts considered by the court on a motion to strike were deemed sufficient to state a claim for bad faith because they had the sound of a dishonest purpose, and were not pleaded as conclusory allegations that the insurer acted in bad faith or with some other negative intent.
In the present case, the facts alleged in count twenty-two fail to allege conduct by Maguire that demonstrates a dishonest purpose. See Ryanv. Allstate Indemnity Company, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142573 (September 22, 1998,D'Andrea, J.) (mere conclusion that defendant acted in bad faith and with dishonest purpose by refusing to pay plaintiff for her injuries cannot survive motion to strike bad faith claim). Indeed, Maguire's conduct as alleged in count twenty-two does not rise beyond the level of breach of contract or mere negligence. The motion to strike count twenty-two is granted.
Maguire has moved to strike count thirty-five of the complaint on the ground that it fails to allege the essential elements of a claim for fraudulent misrepresentation. "The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment." Dorsey v. Mancuso, 23 Conn. App. 629, 633, 583 A.2d 646
(1990), cert denied, 217 Conn. 809, 585 A.2d 1234 (1991). Maguire contends that neither the first nor the third element is factually pleaded in count thirty-five.
The allegations contained in count thirty-five repeat the allegations in count twenty-two discussed above, adding only that Maguire "intended that Amity would rely on [its] fraudulent misrepresentations . . . Amity did justifiably rely, to its detriment . . . [and Maguire] intentionally concealed [its] misrepresentations by knowingly refusing to respond accurately and fully to Amity's requests for relevant information . . . for the purpose of preventing Amity from commencing this action." Complaint, Count thirty-five, ¶¶ 61-63.
With regard to the first element of a fraudulent misrepresentation claim, "[t]he requirement that a [false] representation be made as a statement of fact focuses on whether, under the circumstances surrounding the statement, the representation was intended as one of fact as distinguished from one of opinion." (Internal quotation marks omitted.) CT Page 10598Meyers v. Cornwell Quality Tools, Inc., 41 Conn. App. 444, 674 A.2d 444
(1996). "[A] promise to do an act in the future when coupled with a present intent not to fulfill it, is a false representation." Mitchell v.Mitchell, 31 Conn. App. 331, 336, 625 A.2d 828 (1993). Thus, a plaintiff cannot simply assert as Amity has that a misrepresentation was made, without pleading particular facts as to what was represented (the "circumstances surrounding the statement") and then showing by some known fact that the statement was false when made.
In count thirty-five, Amity has alleged various misrepresentations, without coloring in the lines. This kind of conclusory pleading cannot survive a motion to strike. Secondly, the pleading fails to logically allege what, if anything, Amity was induced to do by any alleged misrepresentation. The court is left to question whether Amity is claiming fraudulent inducement to contract or fraudulent inducement to delay filing its complaint until such time as it could discover misrepresentations concealed by Maguire. Compare Brodsky v. The MeadSchool, Superior Court Complex Litigation Docket, judicial district of Fairfield at Stamford, Docket No. 156788 (June 4, 1999, Tierney, J.) (motion to strike fraudulent misrepresentation claim denied on basis that false or misleading progress reports provided by school to parents induced parents to enroll child and/or keep child enrolled in school; parents did keep child enrolled based on these misrepresentations, resulting in injury). The facts as alleged by Amity in count thirty-five are legally insufficient to maintain a cause of action for fraudulent misrepresentation. Maguire's motion to strike count thirty-five is granted.
Maguire has moved to strike count thirty-six on the basis that CUTPA is not applicable to providers of professional services. According to the complaint, Maguire was contracted to provide architectural services on behalf of Amity. Complaint, Preface, ¶ 18. This court already has held in this case that CUTPA is inapplicable to providers of professional architectural services such as those provided by The Lukmire Partnership, Inc., William Evans and Greg Lukmire, relying on Haynes v.Yale-New Haven Hospital, 243 Conn. 17, 699 A.2d 964 (1997).[3] On the same basis, Maguire's motion to strike count thirty-six is granted.
In count thirty-seven, Amity seeks to state a claim for indemnification, against the "design team," defined in paragraph 17 of the complaint as "Maguire Group, Lukmire, S3E, Weiler, G. Lukmire, Strong, McCarthy, Evans, Amenta, Styer and Stabler." Following this court's recent orders on three motions to strike,[4] Maguire (Maguire Group, Inc., Maguire Group Architects, Inc., McCarthy and Amenta) is the only remaining member of the design team subject to Amity's indemnification claim. Maguire has moved to strike count thirty-seven on CT Page 10599 the ground that Amity has failed to allege that Maguire had control of the injury-causing "situation" to the exclusion of others, and therefore count thirty-seven is legally insufficient to state a claim for common law indemnification based upon a theory of active/passive negligence.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 701, 535 A.2d 357 (1988). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990).
It is unnecessary for the court to decide the issue of whether Amity's allegations state the elements of active or passive negligence required to maintain a cause of action for common law indemnity. A plaintiff's failure to state a common law cause of action for active or primary negligence does not automatically preclude a cause of action for indemnification. See Krasowski v. Fantarella, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036740 (April 21, 1999, Flynn, J.). "It is a general principle of law that, provided that there exists an express or implied contractual relationship, a right of indemnity exists whenever one party is exposed to liability by the action of another who, in law or equity, should make good the loss of the other. . . ." (Citation omitted.) Id.
In count thirty-seven, Amity incorporates paragraphs 1 through 59 of the complaint, wherein the Amity-Maguire contract is first addressed. In paragraphs 67 and 68 of count thirty-seven, Amity claims breach of that contract. The court finds that Amity has sufficiently alleged that in the event damages are awarded to Atlas against Amity as a result of Maguire's breach of the Amity-Maguire contract, then Maguire is responsible for those damages. Accordingly, the motion to strike is denied as to count thirty-seven.
 Conclusion
The motion to strike (#218) is granted as to counts twenty-two, thirty-five and thirty six in favor of The Maguire Group, Inc. and Maguire Group Architects, Inc. The motion otherwise is denied.
Robert F. McWeeny, J.